UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LEANNE KIRSCH, PH.D.,

    Plaintiff,

v.                                                Case No. 07-C-0638

JEFFERSON PILOT FINANCIAL
INSURANCE COMPANY, et al.,

    Defendant.

**ORDER**

Dr. Leanne Kirsch filed this suit under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, alleging that she has been denied long term disability benefits to which she is entitled by Jefferson Pilot Financial Insurance Company, n/k/a Lincoln National Life Insurance Company ("Jefferson Pilot") under an employee benefit plan ("the Plan") obtained by her employer, Prevea Health Services Inc. ("Prevea") (collectively, "defendants"). On April 10, 2008, the defendants filed a motion for summary judgment, and several documents they claim demonstrate a reasonable basis for their denial of Dr. Kirsch's application for benefits. According to the defendants, such a showing entitles them to summary judgment, because the terms of the Plan provide its administrator sufficient discretion to invoke a deferential standard of review.

Neither party, however, has submitted a complete copy of the administrative record of the case to the court. In response to the defendants' motion, Dr. Kirsch contends that the defendants' failure to do so prevents the court's deferential review of the decision, and thus precludes summary judgment. She argues that the defendants "should be required to submit an administrative record

that includes all the evidence they had before them at the time they made the decision to deny [her] claims," (Br. Opp. Summ. J. 7-8) and that "the Court should deny Defendants' motion under Fed. R. Civ. P. 56(f) and require Defendants to re-file it with proper support, so that [she] has a fair opportunity to respond." (*Id*. 1.) The defendants have now filed a motion to supplement the record in this case, seeking permission to file the entire administrative record with the court, which it claims it previously provided in its entirely to plaintiff's counsel.

The defendants' motion to supplement the record will be granted.[1] The Seventh Circuit has held that "[d]eferential review of an administrative decision means review on the administrative record." *Perlman v. Swiss Bank Corp. Comprehensive Disability Prot. Plan*, 195 F.3d 975, 981-82 (7th Cir. 1999) (holding that parties may not present new evidence beyond the administrative record where judicial review under ERISA is deferential). Although Dr. Kirsch does not cite, and the court is unaware of, any binding authority explicitly requiring that the full administrative record be submitted prior to judicial review of a denial of benefits under ERISA, other district courts to address the issue have held that such a submission is necessary. *See e.g. Tinkler v. Level 3 Communications*, LLC, 2008 WL 199901, *11 (N.D. Okla. 2008) ("Regardless of the level of deference given to the Plan's decision, the Court must consider the entire administrative record . . . ."); *Gentile v. John Hancock Mut. Life Ins. Co.*, 951 F. Supp. 284, 287 (D. Mass. 1997) ("[T]hose cases which discuss judicial review of a denied benefit under ERISA uniformly assume that the full administrative record forms the basis of such a review, regardless of the standard of

---

[1] The defendants also seek permission to file the administrative record in hard copy, rather than electronically, because of its size. As a general matter, the Electronic Case Filing Policies and Procedures enacted in this district specifically exclude documents exceeding five megabytes in size from electronic filing and maintenance requirements. In any event, the defendants will be permitted to file the administrative record in the traditional manner on paper in this case.

review applied. . . . In the absence of the full record which is a prerequisite for this Court's review of the determination, summary judgment for [the defendant] will be denied."). I find these cases persuasive and conclude that the entire administrative record should be submitted to the court to facilitate the review of the defendants' denial of benefits.

In her brief opposing the defendants' motion for summary judgment, Dr. Kirsch contends that the defendants should be required to re-file their motion for summary judgment upon submission of the entire administrative record to the court, "so that [she] has a fair opportunity to respond." (Br. Opp. Summ. J. 1.) Dr. Kirsch asks that the court dismiss the defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56(f), which provides that "[i]f a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition" to a pending motion, the court may deny the motion, order a continuance to enable further discovery, or issue any other just order necessary. (*Id*.) However, Dr. Kirsch has submitted no affidavit that indicates she has been unable to present the facts essential to her opposition to summary judgment. In fact, in addition to alleging the necessity of the administrative record to the court's review, Dr. Kirsch has argued in her brief in opposition that the defendants' motion should be denied on its merits, (Br. Opp. 5-7) and has submitted documentation in support of her claim that the defendants never properly evaluated some of the evidence she submitted in support of her claim for benefits. (Schmidt Decl., May 13, 2008, Exs. Q-W.) Especially in light of the defendants' claim that she was previously provided a copy of the administrative record in its entirety, Dr. Kirsch's vague request for an additional opportunity to respond does not suggest any basis for the court to allow further briefing with regard to the defendants' motion. Following the court's receipt

3

of the entire administrative record, the court will address the merits of the defendants' motion for summary judgment in a separate and forthcoming order.

**THEREFORE, IT IS ORDERED** that the defendants' motion to supplement the record is **GRANTED**. The defendants shall have ten days from the date of this order to file the complete administrative record with the court.

Dated this __3rd__ day of June, 2008.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
